THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VIVEK LAKHUMNA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN ROBERT POWELL,<br><br>Respondent. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE**<br><br>Case No. 2:23-CV-577 DAK<br><br>District Judge Dale A. Kimball |

Petitioner, Vivek Lakhumna, has filed a petition under 28 U.S.C.S. § 2241 (2024), in which he apparently attacks both (a) his state conviction and sentencing and (b) the execution of his sentence, though § 2241 is meant just for challenging sentence execution. *See* 28 U.S.C.S. §§ 2241, 2254 (2024).

After a state conviction for "attempted rape of a child," Petitioner was sentenced, on June 2, 2003, to "3-100" years in prison. (ECF Nos. 1, at 1, 15; 1-2, at 7.) Petitioner has attached to his petition a Utah Board of Pardons and Parole (UBOP) June 13, 2023 decision on a "Special Attention Review," stating that Petitioner's sentence expires on May 18, 2103.[1] (ECF No. 1-2, at 7.)

Presumably under the actually applicable § 2254, Petitioner attacks his conviction and sentencing, alleging his federal constitutional rights were violated by (a) his guilty plea "to a

---

[1] Petitioner sometimes seems to suggest he is challenging a parole revocation and other times suggests he is challenging UBOP's decision to not parole him. Based on the attached decision and the Petition's context, the Court understands Petitioner to be challenging UBOP's decision to not parole him. Petitioner is welcome to provide further details if the Court misunderstands the challenge.

non-existent penal code"; (b) his conviction "solely on the basis of an uncorroborated out-of-court confession"; (c) lack of a voluntary plea; (d) trial court's refusal "to adhere to rules of civil procedure"; (e) inducement "by his counsel and prosecutor to accept a plea bargain, on the fraudent [sic] premise that Petitioner would not serve more than 3-years"; and (f) Utah's indeterminate sentencing scheme, under which Utah Board of Pardons and Parole (UBOP) decides the time to be served within the sentence imposed by the state trial court. (ECF No. 1, at 15-17, 19.)

Brought correctly under § 2241, Petitioner attacks the execution of his sentence, under the umbrella that his federal constitutional rights were violated by UBOP, as it determined and issued its decision, on June 13, 2023,[2] to not award Petitioner parole. (*Id*. at 7; ECF No. 1-2, at 7.) The following challenges fall under this umbrella: (a) UBOP removed documents from and did not provide Petitioner his board file; (b) UBOP gave "Petitioner an eleven years rehearing on a first time parole violation"; (c) as to his potential parole, UBOP "is treating Petitioner more harshly than other similarly situated offenders"; (d) UBOP "has mandated treatment as a condition of parole"; (e) UBOP "lacks substantial reason to support the BOP decision"; (f) UBOP "has altered Petitioner's legislative sentence to a capital punishment"; (g) UBOP "did not allow Petitioner to present documents and to be heard"; (h) UBOP "did not adhere to their own regulations"; (i) UBOP's determination of "aggravating factors";  and (j) UBOP's "restitution order."[3] (ECF No. 1, at 11-15.)

---

[2] The decision specifically notes, "This decision is subject to review and modification by the Board of Pardons at any time until actual release from custody." (ECF No. 1-2, at 7.)

[3] The docket for Petitioner's underlying criminal case shows the state trial court's orders regarding restitution. *See State v. Lakhumna*, No. 021701798 (Utah Dist. Ct. Feb. 21, 2024) (entering "remaining unpaid restitution as Civil judgment of Restitution against Vivek Lakhumna, judgment debtor"). Thus, it appears Petitioner is incorrect

The petition must be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998) (quotations and citations omitted). To survive the Court's screening of the petition, the Petitioner must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### I. SECTION 2254 CLAIMS

Petitioner has a separate § 2254 petition pending before the Court. *Lakhumna v. Powell*, No. 2:23-CV-808-HCN (D. Utah filed Nov. 3, 2023). Some of the issues raised in this action are similar to those raised in that separate § 2254 petition; others are possibly not included in the other action. In any event, Petitioner's § 2254 claims here will not be considered further. They must be raised in the other petition if at all. If Petitioner wants to raise any of his § 2254 claims from this petition in his other petition, he should make a motion to amend his petition in the other case.

### II. SECTION 2241 CLAIMS

#### A. BOP'S AUTHORITY TO DETERMINE ACTUAL TERM OF IMPRISONMENT WITHIN A SENTENCING RANGE

Petitioner argues UBOP violated his federal constitutional rights in a variety of ways when determining not to offer him a parole date. However--under the Federal Constitution--Petitioner has no right to ever be considered for parole, or to be paroled, with no right to be released before the end of his sentence--i.e., 100 years served. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Petitioner's sentence was determined by the trial

---

that UBOP issued a maverick and unauthorized restitution order on its own. This challenge is therefore not considered further.

3

court at the time of conviction, not during UBOP's review of the term of service within the sentence. UBOP is never in a position to increase Petitioner's term of service beyond his trial-court-imposed sentence of 3-to-100 years and has done nothing more. So UBOP cannot possibly violate the Constitution here, no matter how long it determines Petitioner should serve--up to 100 years in prison. Thus, none of the issues Petitioner's raises underlying UBOP's determination not to offer him parole are valid.

### B. STATE-LAW ISSUES

The Court next addresses Petitioner's possible assertion that Utah law was violated regarding (i) UBOP removing "documents from Petitioner's board file," in violation of "Utah Code 77-27-13(5)(a) (1998)"; (ii) his rights to the timing of his parole hearings as "explicitly conferred by . . . state" statute; (iii) failure of UBOP to allow Petitioner to speak, present documents and ask questions, under "Utah Admin. Code R671-301-1(B)"; and (iv) UBOP's refusal to "request a review and obtain a recommendation" under "Utah Admin. Code R671-311-1(4) (2020)," as to Petitioner's request for "a special attention review." (ECF No. 3, at 1-3, 7.) However, it is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner thus has no valid argument here based on state law.

## III. CONCLUSION

**IT IS ORDERED** that Petitioner must within thirty days **SHOW CAUSE** why this petition should not be denied based on the above analyses.

DATED this 4th day of June, 2024.

BY THE COURT:

JUDGE DALE A. KIMBALL
United States District Court